IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNICE PARQUET,<br><br>    Plaintiff,<br><br>  v.<br><br>HILTON HOTEL,<br><br>    Defendant.<br>_____ / | No. C 09-00792 JSW<br><br>**ORDER REJECTING REPORT AND RECOMMENDATION AND ORDER DISMISSING WITHOUT PREJUDICE** |

On February 23, 2009, Plaintiff filed her Complaint in this action and filed an application to proceed *in forma pauperis*. The matter was initially assigned to Magistrate Judge James. On February 26, 2009, Magistrate Judge James issued an Order directing Plaintiff file a written consent to her jurisdiction or a request for reassignment to a United States District Court Judge. Plaintiff's response was due on or before March 19, 2009. Plaintiff did not respond to the February 26, 2009 Order.

Accordingly, on March 23, 2009, Magistrate Judge James issued an Order to Show Cause directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute or comply with court deadlines, required Plaintiff to file a declaration in response by April 9, 2009, and set the matter down for a hearing on April 16, 2009. Plaintiff did not file a declaration and did not appear at the hearing.

Accordingly, on April 16, 2009, Magistrate Judge James issued an Order directing reassignment to a district court judge and issued a report and recommendation, in which she recommended, pursuant to Federal Rule of Civil Procedure 41(b), that this matter be dismissed

1  for failure to prosecute and for failure to comply with court deadlines.  The matter was
2  subsequently assigned to this Court.

3  The deadline for objecting to Magistrate Judge James' report and recommendation has
4  passed, and there have been no objections thereto.  It is clear that Plaintiff did not comply with
5  the deadlines set by Magistrate Judge James.  Under Rule 41(b), failure to comply with a court
6  order can warrant dismissal.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).
7  However, in "determining whether to dismiss a case for failure to comply with a court order, the
8  district court must weigh five factors including '(1) the public's interest in expeditious
9  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
10 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
11 availability of less drastic alternatives.'"  *Id.* at 1260-61 (quoting *Thompson v. Housing Auth.*,
12 782 F.2d 829, 831 (9th Cir. 1986)).  It is not evident to this Court that Magistrate Judge James
13 weighed these factors before she determined that dismissal was an appropriate sanction for
14 failure to comply with her deadlines.  Accordingly, the Court rejects the Report on that basis.

15 Because Magistrate Judge James did not rule on the pending application to proceed *in*
16 *forma pauperis*, the Court has conducted an independent review of that application as well as
17 Plaintiff's complaint.  Courts must deny *in forma pauperis* applications under certain
18 circumstances, including when the underlying complaint sought to be filed is frivolous or when
19 it fails to state a claim upon which relief may be granted.  *Id.* § 1915(e)(2).  In contravention of
20 Federal Rule of Civil Procedure 8(a), Plaintiff failed to file a pleading setting forth the grounds
21 upon which this Court has jurisdiction, "a short and plain statement of the claim showing that
22 the pleader is entitled to relief, . . . and a demand for judgment for the relief the pleader seeks."
23 Although Plaintiff refers to the "ADA", personal injury and fraud in her one paragraph
24 complaint and states that she seeks one million dollars, Plaintiff's complaint is disjointed to the
25 point of being somewhat unintelligible and it is impossible to discern the underlying factual
26 basis for her suit.  Accordingly, the Court HEREBY DENIES the application to proceed in
27 forma pauperis without prejudice and dismisses Plaintiff's Complaint with leave to amend.
28

2

If Plaintiff wishes to pursue this action, she must file an amended complaint setting forth a cognizable legal claim and some factual basis to support a claim by May 22, 2009. Plaintiff may file a renewed application to proceed *in forma pauperis* upon filing an amended complaint. Failure to file timely an amended complaint shall result in dismissal of this action without prejudice and without further notice to Plaintiff.

The Court advises Plaintiff that a Handbook for Pro Se Litigants is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff that additional assistance may be available by making an appointment with the Legal Help Center, which is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102.

**IT IS SO ORDERED.**

Dated: May 7, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EUNICE PARQUET,

        Plaintiff,

  v.

HILTON HOTEL et al,

        Defendant.

                                        Case Number: CV09-00792 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eunice L. Parquet
22078 Arbor Avenue, Apt. 222
Hayward, CA 94541

Dated: May 7, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk